May 16, 2019

**VIA ECF**

Hon. Frederic Block
Senior United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Said Aly, et al. v. Dr Pepper Snapple Group, Inc., et al.*
      Civ. No.: 1:18-cv-04230

Dear Judge Block:

This joint letter is submitted on behalf of Said Aly, Julio Ulloa, and Richard Dicrescento ("Plaintiffs") and Defendants in the above action. Defendants take no position with respect to Section III (attorneys' fees), except to state that all parties believe the settlement is a fair and reasonable resolution of disputed issues under the supervision doctrine. *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199, 203 (2d Cir. 2015) *citing Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982). Counsel for the parties jointly respectfully request that Your Honor approve the parties' proposed Settlement Agreement resolving Plaintiffs' claims arising under the Fair Labor Standards Act ("FLSA") attached as **Exhibit 1**, and dismiss this case with prejudice pursuant to the Stipulation attached as **Exhibit 2**.

I.   **Background: Claims and Defenses**

In July 2018 Plaintiffs, who worked as Territory Sales Specialists ("TSS") for Defendants, filed this action alleging that they were misclassified as exempt under the FLSA, and bringing related state law claims.[1]   Separately, Plaintiff Aly brought individual claims for disability discrimination and retaliation.

As relevant to the FLSA claims, Defendants responded that the TSS position was and is a quintessential FLSA-exempt "outside sales" position.   The FLSA exempts from the minimum wage and overtime requirements, any employee who is employed in the "capacity of

---

[1] The supervision requirement does not apply to resolution of New York Labor Law claims, which may be waived by private agreement. *See Wright v. Brae Burn Country Club, Inc.*, 2009 U.S. Dist. LEXIS 26492, 2009 WL 725012, at *4 (S.D.N.Y. Mar. 20, 2009) ("There is no express restriction on the private settlement of waiver of wage and hour claims under New York law."); *Simel v. JP Morgan Chase*, 2007 U.S. Dist. LEXIS 18693, at *14-16 (S.D.N.Y. Mar. 19, 2007)(upholding release of New York Labor Law claims); *Amaya v. Garden City Irrigation, Inc.*, 2011 U.S. Dist. LEXIS 15316, at *4-5 (E.D.N.Y. Feb. 15, 2011)("The district courts of this circuit have roundly rejected" attempts to extend the FLSA supervision doctrine to claims under New York law).

outside salesman." *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 147 (2012); *Flood v. Just Energy Mktg., Corp.*, 2018 U.S. App. LEXIS 26629, *14 (2d. Cir. Sept. 19, 2018).

Following an initial conference before Magistrate Bloom, the parties proceeded to exchange information and proceed to court-ordered mediation before an EDNY panel mediator with extensive FLSA experience in this District, Raymond Nardo, Esq. [2] *See* https://www.raynardo.com/about-mr-nardo.html (last visited April 18, 2019). Plaintiffs presented an initial "best case" calculation of overtime wages potentially owed to the three Plaintiffs of approximately $100,000 under the FLSA. However, this best case wage recovery was subject to the following defenses and disputes:

- A complete defense to liability based on the "outside sales" exemption. *Flood,* 2018 U.S. App. LEXIS 26629, at *19 (the Supreme Court has adopted a "broad definition" of the term "sale," and has "cautioned against the use of technicalities to defeat the application of the outside sales exemption."); *see also* Dkt. 17 ¶36 (Second Amended Complaint)("Plaintiffs' formal duties included reaching out to supermarkets and grocery stores to promote brand awareness, opening new accounts, and selling Snapple products");

- Defendants' position that overtime damages would have been calculated at the "half time" rate, rather than "time and one half" as posited by Plaintiffs in their calculation, reducing the potential recovery by more than 70%;[3]

- The parties' dispute regarding whether Plaintiffs worked overtime hours, and the extent of such overtime. Under Defendants' calculations,

---

[2] While this case was filed as a putative representative action, no motion for certification ever was made, and Defendants at all times asserted that none of the claims above would be suitable for class or collective treatment because "a combination of inquiries would be necessary for sorting through the claims of different plaintiffs . . .[and thus] orchestrating an efficient trial of all plaintiffs as a group would therefore be impracticable." *Morano v. Intercontinental Capital Grp., Inc.*, 2012 U.S. Dist. LEXIS 100830, at *20 (S.D.N.Y. July 17, 2012)(decertifying FLSA collective action)(internal quotes omitted). Further those "differences raise[d] a number of defenses available to defendants which appear to be individual to each plaintiff." *Id.* These defenses included the foregoing defenses as well as, depending on the scope of the collective or class, additional exemption defenses applicable to other TSSs, as well as a defense based on the availability of joinder in lieu of collective action proceedings. *See, e.g., Kneipp v. Re-Vi Design, LLC*, No. 17-cv-857-slc, 2019 U.S. Dist. LEXIS 43185 (W.D. Wis. Mar. 15, 2019).

[3] Plaintiffs received a fixed salary covering varying hours, thus substantial appellate, District and NY state authority supports this position. *Valerio v. Putnam Assocs. Inc.*, 173 F.3d 35 (1st Cir. 1999); *Mahew v. Wells*, 125 F.2d 216 (4th Cir. 1997); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354 (5th Cir. 1990); *Clements v. Serco, Inc.*, 530 F.3d 1224, 1231 (10th Cir. 2008); *Urnikis-Negro v. Am. Family Prop. Servs.*, 616 F.3d. 665, No. 08-3117, 2010 U.S. App. LEXIS 16126 (7th Cir. 2010); *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 2011 U.S. App. LEXIS 702 (4th Cir. Jan. 14, 2011); *Santillan v. Henao*, 2011 U.S. Dist. LEXIS 117785 at * 16-18 (E.D.N.Y. Sept. 12, 2011); *Brown v. Tomcat Elec. Sec., Inc.*, 2010 U.S. Dist. LEXIS 47616 at * 5-6 (E.D.N.Y. May 14, 2010); *Genao v. Blessed Sacrament Sch.*, 2009 U.S. Dist. LEXIS 95787 at * 31-32 (E.D.N.Y. Sept. 30, 2009). 12 NYCRR § 142-2.16.

Plaintiffs' likely recovery of FLSA overtime if prevailing (assuming half-time and more realistic estimates of hours worked per week and overtime weeks worked per year) totaled only $15,571.79

The parties reached a settlement during mediation assigning $30,000 to Plaintiffs' FLSA claims, reflecting a compromise on the disputed issues outlined above, and respectfully request that Your Honor approve the FLSA settlement, and dismiss this action, in conformity with this Court's past practice. *See Ponce v. C C S Past-Osa Ravioli Corp. et al.*, E.D.N.Y. Case Number 16-cv-1710 at Dkt. 21 (January 18, 2018).[4]

## II.    The Proposed Settlement should be Approved

A court may approve a settlement of FLSA claims where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174, at *2 (E.D.N.Y. June 12, 2008) (*quoting Lynn's Food Stores, Inc. v. United States*, 679 F.2d at 1354). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Beckman v. KevBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), *citing Lynn's Food*, 679 F.2d at 1353-54. "Generally there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliauichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein M.J.) (internal quotation marks omitted).

The Parties – through mediator Nardo – agreed that *bona fide* disputes existed regarding, *inter alia*, (1) the applicability of the outside sales defense to Plaintiffs; (2) the measure of any overtime damages owed to Plaintiffs as salary-paid workers; and (3) the amount of any such damages based on the parties' vigorous dispute concerning hours worked. Pursuant to the terms of the settlement agreement, Defendant is paying the total sum of Thirty Thousand Dollars and Zero Cents ($30,000.00) to resolve Plaintiffs' FLSA claims.[5] Considering the numerous risks in this case, Plaintiffs' counsel believes that this settlement is a good result for Plaintiffs, and it

---

[4] The FLSA Settlement Agreement submitted herewith is modeled on the agreement approved by Your Honor in *Ponce*.

[5] Plaintiffs have separately resolved their non-FLSA claims, as in *Ponce*. *See Yunda v. SAFI-G, Inc.*, 2017 U.S. Dist. LEXIS 65088 (S.D.N.Y. Apr. 28, 2017)("such a bifurcated settlement agreement is permissible" under *Cheeks*); *Abrar v. 7-Eleven, Inc.*, 2016 U.S. Dist. LEXIS 50416, at *3 (E.D.N.Y. Apr. 14, 2016) (approving "bifurcated settlement structure" with review of FLSA settlement under *Cheeks* and confidential settlement of non-FLSA claims); *Santos v. Yellowstone Properties, Inc. et al.*, S.D.N.Y. Case No. 15-cv-03986 Dkt. 26, 30 5/10/16; *Brown v. Advanced Tattoo Management Consulting, Corp. et al.*, S.D.N.Y. Case No. 15-cv-436 (ARL) Dkt. 35, 36, 05/17/16; *Chowdhury v. Brioni America, Inc.*, 16-CV-344 (HBP) (November 29, 2017) (Pitman, M.J.). "Judges in this District routinely approve 'bifurcated settlement agreement[s], in which the parties submit their FLSA agreement for court review and approval . . . but enter into a separate [agreement]" that addresses the non-FLSA claims, which does not require judicial and may contain provisions that would be impermissible under *Cheeks.*' *Chowdhury*, quoting *Ortiz v. Breadroll, LLC*, 16-CV-7998 (JLC), 2017 WL 2079787 at * 2 (S.D.N.Y. May 15, 2017).

should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."). Defendants presented both a "take nothing" defense to Plaintiffs' FLSA claims, and additional defenses which would have substantially limited the recovery, even if Plaintiffs prevailed.

This settlement thus constitutes a classic compromise of contested issues, reached based on arm's length negotiations between experienced FLSA counsel assisted by an experienced mediator.

The terms of the Settlement Agreement are in accordance with the decision of *Cheeks v. Freeport Pancake House, Inc.,* No. 14-299 (2d Cir. 2015). The settlement allows for the settlement agreement to be publically filed for the purpose of judicial review for fairness. The settlement agreement does not contain any confidentiality or non-disparagement provisions, and the release is limited to wage and hour claims.

## III.   The Attorneys' Fees Are Fair and Reasonable

Defendants agree to pay Plaintiff's attorneys' fees in the amount of $10,000.00, which equals one-third of the settlement payment. Fees of one-third of the settlement are routinely approved in FLSA actions, and the parties agree that such fees and costs are fair and reasonable. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. *Santos v. EL Tepeyac Butcher Shop Inc.,* 15-CV-814, 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015). This one-third contingency - agreed upon by Plaintiffs in their retainer agreements and substantially less than Plaintiffs' Counsel's lodestar relating to the FLSA claim, as discussed below - is regularly approved in this circuit in FLSA cases. *See Chandler v. Total Relocation Services, LLC,* 15 Civ. 6791 (HBP), 2017 WL 3311229, at *4 (S.D.N.Y. Aug. 2, 2017)("Contingency fees of one-third in FLSA cases are routinely approved in this circuit."); *see also Najera v. Royal Bedding Co., LLC,* No. 13-CV-1767 (NGG)(MDG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) ("one-third contingency fees [] are commonly accepted in the Second Circuit in FLSA cases."); *Kochilas v. Nat'l Merch. Servs., Inc.,* No. 1:14-CV-00311 (LB), 2015 WL 5821631 (E.D.N.Y. Oct. 2, 2015) (awarding 33% of $60,000 in FLSA case, and stating that the "percentage-of-recovery method . . . is consistent with the trend in this Circuit."); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 13 CV 3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y., Sept. 19, 2013) ("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit.").

Following *Goldberger v. Integrated Resources, Inc.,* 209 F. 3d 43 (2d Cir. 2000), the trend in the Second Circuit has been to apply the percentage method and to loosely use the lodestar method as a "cross check." *Id.* at 50. In calculating the lodestar for cross check purposes, the "hours documented by counsel need not be exhaustively scrutinized by the district court." *Id.* Rather, "the reasonableness of the claimed lodestar can be tested by the court's familiarity with the case . . . ." *Id.*

In the instant matter, our firm spent more than 70 hours litigating this case; an estimated 40 hours were spent litigating *solely* Plaintiffs' FLSA claims. *See* **Exhibit 3**, Plaintiffs' Counsel billing records. The majority of the work in this case was performed by the undersigned, Plaintiff's Counsel Ariadne Panagopoulou, Esq. The following is a brief description of my resume:

> I am a dual-qualified lawyer in the jurisdictions of New York and England & Wales (Solicitor, Law Society of England and Wales). I received an LL.B. degree from the University of Edinburgh with First Class Honors, with my degree dissertation being ranked joint first in a class of 158 students. I subsequently taught law school courses at the University of Edinburgh for which I received a Teaching award. I then undertook an LL.M. degree at Harvard Law School. My studies at Harvard were funded by three independent merit-based scholarships (coming from Harvard University, Greece and Cyprus), as well as my work as a research assistant at HLS.

> At Pardalis & Nohavicka, LLP, I am responsible for managing all of the firm's employment cases (including wage and hour, discrimination/sexual harassment, family and medical leave, E.R.I.S.A., restrictive covenants, and whistleblower actions) from the commencement of litigation up until trial and/or settlement. I have acted as lead counsel representing both employers and employees in a vast array of matters before federal and state courts, as well as, federal and state agencies, including the NLRB, the EEOC, the OSHA, the NYS Division of Human Rights, the NYC Commission of Human Rights, and the NY Department of Labor. I have also conducted trials as lead trial counsel representing both Plaintiffs and Defendants in wage and hour matters. *See e.g. Papakleovoulou et al v. A 1 Souvlaki Corp. et al,* 16-cv-01626 (E.D.N.Y. Nov. 2017); *Zygouras v. BR Construction & Stone, Inc. et al,* 15-cv-03835 (E.D.N.Y. Oct. 2016); *Peralta Candia et al v. Hop Enterprises Inc. et al,* 15-cv-5122 (S.D.N.Y. June 2015). I recently won a motion against the NLRB at the Second Circuit Court of Appeals, where an appeal is currently pending. *See Parkview Lounge LLC v. NLRB,* 18-1600 (Second Cir., Aug. 2018, Dkt. No. 79).

My requested hourly rate is $275.00. This rate has been approved as "eminently reasonable" by this court. *Singh v Adam Bldr. Corp.,* 2018 Wage & Hour Cas 2d (BNA) 170587 [EDNY May 14, 2018].

Accordingly, a multiplication of the hours worked by the requested hourly rate brings our attorney's fees (for the FLSA portion of this case) to approximately $11,000; an amount which exceeds the amount requested under Plaintiffs' Counsel's contingent fee arrangement. As such, Plaintiffs' Counsel's attorney's fees should be approved as fair and reasonable.

## IV.    Payments Will Be Held in Escrow

To avoid delays, and in conformity with the Settlement, to the extent the deadline for payment precedes approval, Defendants will provide Plaintiffs' Counsel the settlement checks per the attached Settlement, and counsel will hold such checks in escrow pending Your Honor's approval of the Settlement. The parties jointly request the Court approve the settlement timely so that, to the extent this occurs, Plaintiffs' counsel can release the checks to Plaintiffs.

## V.    Conclusion

The parties reached a fair and reasonable settlement of all FLSA claims after the voluntary exchange of initial discovery and damages models, Court-appointed mediation, and corresponding settlement negotiations. The settlement amount was recommended by the Court's FLSA Panel Mediator at mediation (the parties agreed upon a Mediator's proposal). The parties respectfully request that Your Honor approve the attached settlement and dismiss this action.

Respectfully submitted,

| | |
|---|---|
| PARDALIS & NOHAVICKA, LLP<br>*ATTORNEYS FOR PLAINTIFFS*<br>950 Third Avenue, 25th Floor<br>New York, NY 10022<br>(718) 777-0400 | JACKSON LEWIS P.C.<br>*ATTORNEYS FOR DEFENDANTS*<br>58 South Service Rd., Ste. 250<br>Melville, New York 11747<br>(631) 247-0404 |
| By: _____s/_____<br>ARIADNE PANAGOPOULOU, ESQ. | By: _____s/_____<br>NOEL P. TRIPP, ESQ. |

4829-0997-0322, v. 3

# EXHIBIT 1

## FLSA SETTLEMENT AND RELEASE AGREEMENT

This FLSA Settlement and Release Agreement (the "Agreement") is made by and between The American Bottling Company ("ABC"), Keurig Dr Pepper Inc., and their respective officers, employees, agents, directors, representatives, predecessors, successors, parents, subsidiaries, assigns, and shareholders ("Defendants"), and Said Aly, Julio Ulloa and Richard Dicrescento, and their respective agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees (collectively "Plaintiffs"). Plaintiffs and Defendants are collectively referred to as "the Parties."

## RECITALS

WHEREAS, a dispute exists between Plaintiffs and Defendants that resulted in Plaintiffs' filing of a lawsuit in the United States District Court for the Eastern District of New York (the "Court") titled Said Aly, et al. v. Dr Pepper Snapple Group, Inc., et al., Civil Action No. 18-CV-4230 (the "Lawsuit"), in which Plaintiffs asserted, *inter alia*, that Defendants misclassified Plaintiffs as exempt from the overtime requirement of the Fair Labor Standards Act ("FLSA") and other legal requirements;

WHEREAS, Defendants deny all material allegations and claims asserted in the Lawsuit and have asserted numerous defenses thereto (Dkt. 22); and

WHEREAS, the Parties nevertheless wish to avoid the burden, expense, and uncertainty of litigating Plaintiffs' claims and desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing of any Party, to effect a full, complete, final, and binding settlement and compromise of all claims that Plaintiffs may have against Defendants, at any time through the date that the last plaintiff signs this Agreement.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

1.   **Dismissal of the Lawsuit.**   The Parties agree to seek dismissal of the FLSA claims of the Lawsuit by filing with the Court a joint motion to approve this Agreement and dismiss Plaintiffs' FLSA claims with prejudice. Plaintiffs authorize their counsel to execute the Stipulation and Order of Dismissal with Prejudice, attached as **Exhibit A**, and to submit any papers to the Court that are necessary to effectuate the dismissal of the FLSA claims in the Lawsuit and/or the full release of FLSA claims, and enforcement of the Agreement.

This Agreement is contingent on the Court approving the settlement of Plaintiffs' FLSA claims and dismissing the Lawsuit with prejudice. In the event that the Court for any reason declines or fails to dismiss the Lawsuit with prejudice as contemplated by this Agreement, this Agreement shall be voidable at Defendants' option. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement; the Parties shall proceed in all respects as though the Agreement had not been executed; nothing contained in this Agreement shall be used as an admission against either Party; and no Party to this Agreement shall be deemed to have waived or relinquished any rights, privileges, claims, or defenses by having entered into this Agreement. Notwithstanding

the foregoing, the Parties may agree in a separate writing to modify or alter this Agreement in order to obtain Court approval and dismissal of the Lawsuit with prejudice.

2.   **Release of FLSA Claims.**   In exchange for the consideration described in Paragraph 4 of this Agreement, each Plaintiff irrevocably and unconditionally waives, releases, and forever discharges Defendants and their predecessors, successors, all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, and parents, and, collectively, their respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and trustees (collectively, the "Released Parties"), from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind that each such Plaintiff may have against any or all Released Parties up to and including the effective date of this Agreement, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., including without limitation claims for payment of minimum wage and overtime compensation arising under the Fair Labor Standards Act.

3.   **No Admission of Liability.**   This Agreement is entered into in compromise of disputed claims. The Parties agree and acknowledge that the execution of this Agreement and the payment of the monetary consideration described herein are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Defendants. Plaintiffs further acknowledge that Defendants deny all allegations of wrongdoing. The Parties intend, by their actions, pursuant to this Agreement, merely to avoid the expense, delay, uncertainty, and burden of litigation.

4.   **Consideration.**   In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiffs in this Agreement, ABC agrees to pay Plaintiffs and counsel the total sum of Thirty Thousand Dollars ($30,000), allocated as set forth in **Exhibit B** and in accordance with the schedule set forth therein, provided all of the following events have occurred: (i) all Plaintiffs sign this Agreement; (ii) all Plaintiffs and Plaintiffs' attorneys complete, execute, and submit IRS Form W-9s to counsel for Defendants; (iii) the Parties' motion to approve this Agreement is granted by the Court; and (iv) the Lawsuit is dismissed with prejudice. If, as of May 31, 2019 the Court has not signed the Stipulation of Dismissal or otherwise issued an order either 1) approving this Agreement and dismissing the Litigation with prejudice or 2) declining to approve this Agreement, ABC shall send the first settlement payments to Plaintiffs' counsel to hold "in escrow" pending approval, to be returned to Defendants in the event approval is not granted.

For these payments, as noted in **Exhibit B**, forty percent of such total sum allocated to each Plaintiff shall be treated as wages and subject to withholdings and income taxation, and the remaining sixty percent shall be treated as non-wage liquidated damages, statutory penalties and interest under New York law. ABC will issue an IRS Form W-2 to each Plaintiff representing the portion of each payment treated as wages, and an IRS Form 1099 to each Plaintiff representing the portion of each payment treated as liquidated damages.

Defendants shall issue separate checks to Pardalis & Nohavicka, LLP in the amounts denoted on **Exhibit B**, representing payment of Plaintiffs' attorneys' fees and Plaintiffs' litigation costs. Plaintiffs' counsel's provision of an appropriately completed IRS Form W-9 shall be a condition precedent to such payment. Defendants shall issue an IRS Form 1099 to Pardalis & Nohavicka, LLP for the full amount of such payment and shall issue an IRS Form 1099 to each Plaintiff for a portion of this payment that is proportional to the distribution of the payments noted in **Exhibit B**.

All payments contemplated by this Paragraph 4 shall be delivered by overnight delivery to Pardalis & Nohavicka, LLP, 950 Third Avenue, Floor 25, New York, NY 10022, to the attention of Ariadne Panagopoulou.

Each Plaintiff and Plaintiffs' counsel agree to indemnify and hold Defendants harmless for any tax liability, penalty, interest, cost, or expense incurred as a result of that individual Plaintiff's or counsel's failure to pay taxes for which that individual is responsible. Defendants do not make any warranty or representation to Plaintiffs or Plaintiffs' counsel regarding the tax consequences of any payments.

5.     <u>**Acknowledgments and Agreements by Plaintiffs.**</u> Plaintiffs also agree that they are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; that the Agreement is fair and reasonable; that they have consulted with Pardalis & Nohavicka, LLP prior to signing this Agreement; that they have been given a reasonable amount of time to consider this Agreement; and that, absent this Agreement, they would not otherwise be entitled to the consideration specified in Paragraph 4 of this Agreement.

6.     <u>**Miscellaneous.**</u>

(a)     **No Waiver by Inaction.** The failure of any Party to insist upon strict adherence to any term of this Agreement shall not be considered a waiver as to that term or any other term in the Agreement.

(b)     **Continuing Jurisdiction.** The parties expressly consent to this court's continuing jurisdiction over the Parties to administer and enforce the terms of this Agreement.

(c)     **Construction.** The Parties have had an opportunity to negotiate all terms, all conditions, and the language of this Agreement and hereby agree that all of the terms and conditions shall be construed as if drafted by all Parties and not against any as the drafter. Accordingly, any rule of construction that any ambiguity or uncertainty in a writing shall be interpreted against the party drafting the written instrument shall not apply to the construction of this Agreement.

(d)     **Choice of Law.** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of New York regardless of whether any party is, or may hereafter be, a resident of another state. Venue and jurisdiction for any dispute between the parties shall lie in the United States District Court for the Eastern District of New York. However, if the District Court should refuse or decline to accept jurisdiction over the settlement

for any reason, the Parties agree that this Agreement may be enforced in a court of competent jurisdiction located in New York County, New York.

(e)   **Counterparts.** This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the Parties to all of the counterparts had signed the same instrument. This Agreement may be executed by "wet" signature (i.e., using pen and paper) or electronic signature (e.g., via DocuSign), and may be delivered by electronic means. E-mailed or faxed copies of original signatures shall be considered the equivalent of an original signature.

(f)   **Modifications.** With the exception of extensions of time as described in Subsection (v) of this Paragraph 6, no amendment or modification of the terms of this Agreement shall be binding on the Parties unless reduced to writing and signed by the person or entity against whom enforcement is sought.

(g)   **Severability.** The Parties agree that if any phrase, clause, or provision of this Agreement, other than Paragraph 2, is declared illegal, invalid, or unenforceable by a court of competent jurisdiction after this Agreement takes effect, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision of this Agreement, other than Paragraph 2, is deemed unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction after this Agreement takes effect, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If the release set forth in Paragraph 2 of this Agreement is deemed illegal, invalid, or unenforceable in whole or in part after this Agreement takes effect, then this Agreement shall be voidable in its entirety at Defendants' option, in which case each affected Plaintiff shall return the consideration received.

### [SIGNATURE PAGES FOLLOW]

The American Bottling Company

By: _____

Dated: _____, 2019

_____
SAID ALY

_____
Dated: 5/15/19 _____, 2019

_____
JULIO ULLOA

_____
Dated: 5/15/19 _____, 2019

_____
RICHARD DICRESCENTO

_____
Dated: MAY 14th _____, 2019

_____

FLSA Settlement and Release Agreement, Page 5

The American Bottling Company

By: _____

Dated: __5/13_____, 2019

_____
SAID ALY

_____
Dated: _____, 2019

_____
JULIO ULLOA

_____
Dated: _____, 2019

_____
RICHARD DICRESCENTO

_____
Dated: _____, 2019

_____

FLSA Settlement and Release Agreement, Page 5

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------

SAID ALY, JULIO ULLOA, and RICHARD
DICRESCENTO, on behalf of themselves and
others similarly situated,

                                    Plaintiffs,

                    -v-

DR PEPPER SNAPPLE GROUP, INC., THE
AMERICAN BOTTLING COMPANY, and
JOHN DOE, jointly and severally,
                                    Defendants.

------------------------------------------------

18-cv-4230 (FB)(LB)

## STIPULATION OF DISMISSAL WITH PREJUDICE

The parties in the above-captioned action, through their undersigned counsel, stipulate and agree as follows:

1)    No party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action.

2)    The Settlement Agreement is fair and reasonable, and adequate to redress all Plaintiffs' claims under the Fair Labor Standards Act in this action and to compensate Plaintiffs' Counsel on their request for attorneys' fees and costs.

3)    In accordance with Rule 41 of the Federal Rules of Civil Procedure, and *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Parties respectfully request that this action be dismissed with prejudice and without costs or attorneys' fees (other than those costs and attorneys' fees specified in the Settlement Agreement).

[INTENTIONALLY LEFT BLANK – SIGNATURES ON FOLLOWING PAGE]

FLSA Settlement and Release Agreement, Page 7

JACKSON LEWIS PC

PARDALIS & NOHAVICKA LLP

By: _____
     Noel Tripp
     58 South Service Road, Suite 250
     Melville, NY 11747
     (631) 247-0404
     *Attorneys for Defendants*

By: _____
     Ariadne Panagopoulou
     3510 Broadway, Suite 201
     Astoria, New York 11106
     (718) 777-0400
     *Attorneys for Plaintiffs Aly, Ulloa and*
     *Dicrescento*

Dated:  May __, 2019

Dated:  May __, 2019

SO ORDERED THIS ____ DAY OF_____, 2019.

_____
      Hon. Frederic Block
     United States District Judge

# EXHIBIT B

| Payee | Total | Tax Treatment | Due Date |
|---|---|---|---|
| Said Aly | $3,262.0 | W-2 | 5/31/2019 |
| Said Aly | $4,893.0 | 1099 | 5/31/2019 |
| Julio Ulloa | $2,236.80 | W-2 | 5/31/2019 |
| Julio Ulloa | $3,355.20 | 1099 | 5/31/2019 |
| Richard Dicrescento | $2,501.20 | W-2 | 5/31/2019 |
| Richard Dicrescento | $3,751.80 | 1099 | 5/31/2019 |
| Pardalis & Nohavicka, LLP | $5,000 | 1099 | 5/31/2019 |
| Pardalis & Nohavicka, LLP | $5,000 | 1099 | 5/31/2019 |

# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------

SAID ALY, JULIO ULLOA, and RICHARD
DICRESCENTO, on behalf of themselves and
others similarly situated,

Plaintiffs,

18-cv-4230 (FB)(LB)

-v-

DR PEPPER SNAPPLE GROUP, INC., THE
AMERICAN BOTTLING COMPANY, and
JOHN DOE, jointly and severally,

Defendants.

------------------------------------------------------------

## STIPULATION OF DISMISSAL WITH PREJUDICE

The parties in the above-captioned action, through their undersigned counsel, stipulate and agree as follows:

1)      No party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action.

2)      The Settlement Agreement is fair and reasonable, and adequate to redress all Plaintiffs' claims under the Fair Labor Standards Act in this action and to compensate Plaintiffs' Counsel on their request for attorneys' fees and costs.

3)      In accordance with Rule 41 of the Federal Rules of Civil Procedure, and *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Parties respectfully request that this action be dismissed with prejudice and without costs or attorneys' fees (other than those costs and attorneys' fees specified in the Settlement Agreement).

[INTENTIONALLY LEFT BLANK – SIGNATURES ON FOLLOWING PAGE]

FLSA Settlement and Release Agreement, Page 7

JACKSON LEWIS PC

By: _____
     Noel Tripp
     58 South Service Road, Suite 250
     Melville, NY 11747
     (631) 247-0404
     *Attorneys for Defendants*

Dated: May 16, 2019

PARDALIS & NOHAVICKA LLP

By: /s/Ariadne Panagopoulou
     _____
     Ariadne Panagopoulou
     3510 Broadway, Suite 201
     Astoria, New York 11106
     (718) 777-0400
     *Attorneys for Plaintiffs Aly, Ulloa and*
     *Dicrescento*

Dated: May 16, 2019

SO ORDERED THIS ____ DAY OF _____, 2019.

_____
     Hon. Frederic Block
     United States District Judge

FLSA Settlement and Release Agreement, Page 8

# EXHIBIT 3

# Activities Export

| Date | Type | Description | Matter | User | Qty | Rate ($) | Total ($) |
|------|------|-------------|--------|------|-----|----------|-----------|
| 05/16/2019 | ○ | R/R of fully executed settlement agreement sent by Noel Tripp; signed stipulation of dismissal; sent back to him.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.30h | 275.00 | 82.50 |
| 05/15/2019 | ○ | Email to Noel Tripp with the settlement agreement and executed W-9 Forms.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.30h | 275.00 | 82.50 |
| 05/15/2019 | ○ | Back and forth with Said Aly and Noel Tripp re the settlement agreement.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.30h | 275.00 | 82.50 |
| 05/14/2019 | ○ | Update to Said Aly re settlement.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.20h | 275.00 | 55.00 |
| 05/13/2019 | ○ | Meeting with Said Aly to explain terms of settlement agreement and get signatures.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 1.00h | 275.00 | 275.00 |
| 05/13/2019 | ○ | Reviewed material sent by Noel Tripp; email back to him.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.30h | 275.00 | 82.50 |
| 05/10/2019 | ○ | Back and forth discussions with Noel Tripp re filing of settlement.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.40h | 275.00 | 110.00 |
| 05/08/2019 | ○ | Follow up with Opposing Counsel re settlement agreement.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.20h | 275.00 | 55.00 |
| 05/07/2019 | ○ | R/R and modifications made to fairness letter.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 1.00h | 275.00 | 275.00 |

**$19,382.50**

# Activities Export

| Date | Type | Description | Matter | User | Qty | Rate ($) | Total ($) |
|---|---|---|---|---|---|---|---|
| 05/06/2019 | ☉ | Review of damage calculations and expenses; email to Noel Tripp re settlement distribution.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.40h | 275.00 | 110.00 |
| 05/01/2019 | ☉ | Discussion with Opposing Counsel re settlement agreement.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.40h | 275.00 | 110.00 |
| 05/01/2019 | ☉ | R/R of Noel Tripp's email and response.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.20h | 275.00 | 55.00 |
| 04/11/2019 | ☉ | R/R of Opposing Counsel's proposed changes to settlement agreement; sent back to him.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.50h | 275.00 | 137.50 |
| 04/11/2019 | ☉ | Update to Richard Descrescento.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.20h | 275.00 | 55.00 |
| 04/09/2019 | $ | Mediation service on 4/19/18 | 18LAB042<br>Said Aly v. Snapple | Prarthana Shukla | 1.00 | 750.00 | 750.00 |
| 04/02/2019 | ☉ | Revised damage calculations based on half time rate.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 1.00h | 275.00 | 275.00 |
| 04/02/2019 | ☉ | R/R of settlement agreement; red-line changes made.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 1.00h | 275.00 | 275.00 |
| 03/24/2019 | ☉ | Follow up with Noel Tripp re settlement agreement.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.20h | 275.00 | 55.00 |
| 03/14/2019 | ☉ | Discussion with client re settlement distribution.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.30h | 275.00 | 82.50 |

$19,382.50

05/16/2019
12:31 AM

# Activities Export

| Date | Type | Description | Matter | User | Qty | Rate ($) | Total ($) |
|---|---|---|---|---|---|---|---|
| 03/14/2019 | ○ | Discussions with Said Aly re settlement. ● Unbilled | 18LAB042 Said Aly v. Snapple | Ariadne Panagopoulou | 0.30h | 275.00 | 82.50 |
| 03/13/2019 | ○ | Preparation and attendance at mediation session. ● Unbilled | 18LAB042 Said Aly v. Snapple | Ariadne Panagopoulou | 10.00h | 275.00 | 2,750.00 |
| 03/12/2019 | ○ | Went through all discovery; separated relevant parts for mediation. ● Unbilled | 18LAB042 Said Aly v. Snapple | Ariadne Panagopoulou | 5.00h | 275.00 | 1,375.00 |
| 03/08/2019 | ○ | Settlement discussions with Noel Tripp. ● Unbilled | 18LAB042 Said Aly v. Snapple | Ariadne Panagopoulou | 0.30h | 275.00 | 82.50 |
| 03/08/2019 | ○ | Meeting with Said Aly to get information re discovery. ● Unbilled | 18LAB042 Said Aly v. Snapple | Ariadne Panagopoulou | 2.00h | 275.00 | 550.00 |
| 03/04/2019 | ○ | R/R of email from Noel Tripp and response. ● Unbilled | 18LAB042 Said Aly v. Snapple | Ariadne Panagopoulou | 0.20h | 275.00 | 55.00 |
| 03/04/2019 | ○ | VM to Julio ● Unbilled | 18LAB042 Said Aly v. Snapple | Vanessa Chesnut | 0.10h | 100.00 | 10.00 |
| 03/01/2019 | ○ | HIPPA Release ● Unbilled | 18LAB042 Said Aly v. Snapple | Vanessa Chesnut | 0.30h | 100.00 | 30.00 |
| 02/27/2019 | ○ | called client ● Unbilled | 18LAB042 Said Aly v. Snapple | Vanessa Chesnut | 0.20h | 100.00 | 20.00 |
| 02/27/2019 | ○ | Review and receipt of documents ● Unbilled | 18LAB042 Said Aly v. Snapple | Vanessa Chesnut | 1.00h | 100.00 | 100.00 |
| 02/26/2019 | ○ | Drafted Plaintiffs' Discovery Responses ● Unbilled | 18LAB042 Said Aly v. Snapple | Ariadne Panagopoulou | 5.00h | 275.00 | 1,375.00 |

**$19,382.50**

# Activities Export

| Date | Type | Description | Matter | User | Qty | Rate ($) | Total ($) |
|------|------|-------------|--------|------|-----|----------|-----------|
| 02/25/2019 | | Called clients to inquire information regarding discovery responses.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.50h | 275.00 | 137.50 |
| 02/25/2019 | | Called Said Aly's personal injury and workers comp attorney<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Vanessa Chesnut | 0.50h | 100.00 | 50.00 |
| 02/21/2019 | | Review documents and prepare discovery request exhibits.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | PN Firm | 2.00h | 100.00 | 200.00 |
| 02/12/2019 | | Email to Noel Tripp re settlement and anticipated collective certification motion.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.30h | 275.00 | 82.50 |
| 02/12/2019 | | Preparation and appearance for initial conference.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 2.00h | 275.00 | 550.00 |
| 02/11/2019 | | Detailed email to Opposing Counsel re Plaintiffs' settlement position.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.50h | 275.00 | 137.50 |
| 02/11/2019 | | Damage calculations (wage and hour)<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 1.00h | 275.00 | 275.00 |
| 02/06/2019 | | Rule 26(f) meeting with Opposing Counsel.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.30h | 275.00 | 82.50 |
| 01/22/2019 | | Letter Motion to adjourn Initial Pretrial Conf<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Vanessa Chesnut | 0.30h | 100.00 | 30.00 |
| 01/18/2019 | | Letter Motion<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Vanessa Chesnut | 0.50h | 100.00 | 50.00 |
| | | | | | | | **$19,382.50** |

# Activities Export

| Date | Type | Description | Matter | User | Qty | Rate ($) | Total ($) |
|---|---|---|---|---|---|---|---|
| 01/18/2019 | | Scheduling Conflict<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Vanessa Chesnut | 0.20h | 100.00 | 20.00 |
| 01/15/2019 | | R/R of email from Noel Tripp and response.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.20h | 275.00 | 55.00 |
| 12/14/2018 | | executed and filed stipulation extending time to answer complaint.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.20h | 275.00 | 55.00 |
| 12/14/2018 | | R/R of email from Opposing Counsel and response.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.20h | 275.00 | 55.00 |
| 11/26/2018 | | Amended and filed Second Amended Complaint.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.50h | 275.00 | 137.50 |
| 11/16/2018 | | Update to Said Aly about his case.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.20h | 275.00 | 55.00 |
| 11/16/2018 | | Email to Opposing Counsel re mediation dates.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.20h | 275.00 | 55.00 |
| 11/13/2018 | | Contacted all plaintiffs to confirm a date for mediation.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Vanessa Chesnut | 0.50h | 100.00 | 50.00 |
| 11/08/2018 | | R/R of Opposing Counsel's stipulation; red-line changes made; sent it back to him.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.30h | 275.00 | 82.50 |
| 11/06/2018 | | Settlement discussions with Noel Tripp<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.20h | 275.00 | 55.00 |
| | | | | | | | **$19,382.50** |

# Activities Export

| Date | Type | Description | Matter | User | Qty | Rate ($) | Total ($) |
|---|---|---|---|---|---|---|---|
| 11/05/2018 | ⊙ | R/R of Opposing Counsel's email and response.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne<br>Panagopoulou | 0.20h | 275.00 | 55.00 |
| 10/11/2018 | ⊙ | Discussion with Noel Tripp re mediation &<br>releasing Young from complaint.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne<br>Panagopoulou | 0.50h | 275.00 | 137.50 |
| 10/10/2018 | ⊙ | R/R of email from Opposing Counsel and<br>response.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne<br>Panagopoulou | 0.20h | 275.00 | 55.00 |
| 09/28/2018 | ⊙ | Filed Executed Summons for American Bottling<br>Company<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Vanessa<br>Chesnut | 0.10h | 100.00 | 10.00 |
| 09/27/2018 | $ | Service - Service of the process - secretary of<br>state/Disbursement to Dept. of state/Additional<br>mailing according to section/Affidavit and<br>receipt.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Prarthana<br>Shukla | 1.00 | 120.00 | 120.00 |
| 09/20/2018 | ⊙ | R/R of email from Opposing Counsel and<br>response.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne<br>Panagopoulou | 0.20h | 275.00 | 55.00 |
| 09/11/2018 | ⊙ | Filed out sent waivers of service; sent to<br>Opposing Counsel.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne<br>Panagopoulou | 0.30h | 275.00 | 82.50 |
| 09/07/2018 | ⊙ | Discussion with Opposing Counsel re waiver of<br>service.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne<br>Panagopoulou | 0.20h | 275.00 | 55.00 |
| 09/04/2018 | ⊙ | Drafted and filed amended complaint to include<br>claims of disability discrimination and retaliation | 18LAB042<br>Said Aly v. Snapple | Ariadne<br>Panagopoulou | 4.00h | 275.00 | 1,100.00 |

$19,382.50

# Activities Export

05/16/2019
12:31 AM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Total ($) |
|------|------|-------------|--------|------|-----|----------|-----------|
| | | under the ADA, the HRL, and the NYCHRL on behalf of Plaintiff Aly.<br>● Unbilled | | | | | |
| 09/04/2018 | | Researched case law on disability discrimination; failure to accommodate; retaliation. Review of EEOC complaint and right to sue letter.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 3.00h | 275.00 | 825.00 |
| 08/17/2018 | | Receipt and Review of Aff of Service for Summons in Civil Action and Complaint<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Soultana Toskos | 0.30h | 100.00 | 30.00 |
| 08/15/2018 | $ | Service-Service of process-secretary of state/ administrative charge/Disb. to dept. of state/ Affidavit<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Prarthana Shukla | 1.00 | 65.00 | 65.00 |
| 07/30/2018 | | Update to Richard about his case.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.30h | 275.00 | 82.50 |
| 07/26/2018 | $ | Opening a Civil Case.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 1.00 | 400.00 | 400.00 |
| 07/26/2018 | | Email to Counsel for Dr. Pepper Snapple and American Bottling Company to see if they will accept service.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.20h | 275.00 | 55.00 |
| 07/26/2018 | | Created civil case; filed complaint; civil cover sheet; and proposed summons.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.50h | 275.00 | 137.50 |
| 07/26/2018 | | Drafted complaint and civil cover sheet. | 18LAB042<br>Said Aly v. Snapple | Ariadne Panagopoulou | 0.50h | 275.00 | 137.50 |

$19,382.50

# Activities Export

| Date | Type | Description | Matter | User | Qty | Rate ($) | Total ($) |
|---|---|---|---|---|---|---|---|
| | | ● Unbilled | | | | | |
| 07/26/2018 | ◉ | Research on outside sales exemption. ● Unbilled | 18LAB042 Said Aly v. Snapple | Ariadne Panagopoulou | 2.00h | 275.00 | 550.00 |
| 07/25/2018 | ◉ | Reviewed and compiled relevant exhibits to be attached to complaint. ● Unbilled | 18LAB042 Said Aly v. Snapple | Ariadne Panagopoulou | 0.50h | 275.00 | 137.50 |
| 07/25/2018 | ◉ | Drafting and finalizing complaint. ● Unbilled | 18LAB042 Said Aly v. Snapple | Ariadne Panagopoulou | 3.00h | 275.00 | 825.00 |
| 07/25/2018 | ◉ | Research on personal jurisdiction in New York for entity based on Texas. ● Unbilled | 18LAB042 Said Aly v. Snapple | Ariadne Panagopoulou | 0.40h | 275.00 | 110.00 |
| 07/25/2018 | ◉ | Online research on American Bottling Company and Dr. Pepper Snapple Group. ● Unbilled | 18LAB042 Said Aly v. Snapple | Ariadne Panagopoulou | 1.00h | 275.00 | 275.00 |
| 07/25/2018 | ◉ | Discussion with clients to verify information on the complaint. ● Unbilled | 18LAB042 Said Aly v. Snapple | Ariadne Panagopoulou | 0.50h | 275.00 | 137.50 |
| 06/21/2018 | ◉ | Reviewed and finalized EEOC form. ● Unbilled | 18LAB042 Said Aly v. Snapple | Ariadne Panagopoulou | 0.50h | 275.00 | 137.50 |
| 06/13/2018 | ◉ | Intake - Opt-in Plaintiff Richard DiCosento. N.C. ● Unbilled | 18LAB042 Said Aly v. Snapple | PN Firm | 1.50h | 100.00 | 150.00 |
| 06/06/2018 | ◉ | Meeting with client to fill application for unemployment insurance benefits. ● Unbilled | 18LAB042 Said Aly v. Snapple | Ariadne Panagopoulou | 1.00h | 275.00 | 275.00 |
| | | | | | | | **$19,382.50** |

# Activities Export

| Date | Type | Description | Matter | User | Qty | Rate ($) | Total ($) |
|---|---|---|---|---|---|---|---|
| 06/01/2018 | ○ | Intake - Opt-in Plaintiff.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne<br>Panagopoulou | 1.80h | 275.00 | 495.00 |
| 05/29/2018 | ○ | Call to Said Aly re his case.<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne<br>Panagopoulou | 0.20h | 275.00 | 55.00 |
| 05/29/2018 | ○ | Drafted EEOC charge form, gathered exhibits,<br>and drafted notice of appearance<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne<br>Panagopoulou | 3.00h | 275.00 | 825.00 |
| 05/22/2018 | ○ | Meeting with client to gather more information re<br>his two cases (overtime and discrimination).<br>● Unbilled | 18LAB042<br>Said Aly v. Snapple | Ariadne<br>Panagopoulou | 1.30h | 275.00 | 357.50 |
| | | | | | | | **$19,382.50** |